In re: Artemio JIMENEZ, Petitioner.

No. 05–1910.

United States Court of Appeals,
Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. March 31, 2005.

Decided June 23, 2005.

Artemio Jimenez, Camp Hill, PA, pro se.

Before ALITO, McKEE and AMBRO, Circuit Judges.

OPINION

PER CURIAM.

Artemio Jimenez asks that we issue a writ of mandamus ordering the United States District Court for the Middle District of Pennsylvania to reopen his case, which was closed in 2003, pursuant to that Court's Order. We will deny the petition.

In his petition, Jimenez asks this Court to order the District Court to reopen his case at Civil No. 00-cv-01848 so that he can show that he exhausted all available administrative remedies in his prisoner civil rights case. Mandamus is an appropriate remedy only in the most extraordinary of situations. *In re Pasquariello*, 16 F.3d 525, 528 (3d Cir.1994). To justify such a remedy, a petitioner must show that she has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 89 (3d Cir.1992) (citing *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). It is well established that mandamus is not an alternative to an appeal. *See In re Chambers Development Co.*, 148 F.3d 214, 223 (3d Cir.1998) ("Given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.").

Here, Jimenez had the opportunity to make his arguments in the District Court, and again had the opportunity on appeal to argue that he had exhausted all available remedies. The fact that Jimenez was unsuccessful on appeal is not grounds for mandamus relief. We will deny his petition.